IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DANIEL TEPOEL,

        Defendant.

OPINION
AND ORDER

07-cr-66-bbc

---

    The grand jury has charged defendant Daniel Tepoel with mail fraud, wire fraud, false statements and conspiracy arising out of his alleged sale of nonexistent investment instruments. Before the court are defendant's motion to dismiss count 4 because the alleged conduct occurred outside the statute of limitations (Dkt. # 17) ; motion for a bill of particulars (Dkt. # 18); and a multipart motion seeking to dismiss the indictment on a variety of grounds and seeking a bill of particulars (Dkt. ## 26/27). For ease of reference, I am deeming the second motion for a bill of particulars (Dkt. # 27). For the reasons stated below, I am denying both motions to dismiss, granting the first motion for a bill of particulars and granting in part and denying in part the second motion for a bill of particulars.

I. Motion to Dismiss Count 4

    Count 1 of the indictment describes an alleged fraud scheme that took place during the period beginning on or about December 3, 1997, and continuing to March of 2007.

Count 4 alleges that defendant caused a mailing in furtherance of this scheme "in or about April or May of 2002." The grand jury returned its indictment on April 19, 2007. As defendant observes, if this mailing occurred on or before April 19, 2002, then count 4 is barred by the statute of limitations.

The government concedes that this is true but anticipates that it will be able to establish that this mailing occurred within the statute of limitations. If it cannot, then the government invites defendant to renew his motion at the close of the government's case; presumably, the government would not oppose the motion at that time. The government contends that defendant would not be prejudiced by proceeding in this fashion because evidence of this particular mailing would be admissible in any event to establish the overarching fraud scheme.

Defendant replies that this leaves him in the untenable position of not knowing which specific mailing he must defend. This actually is a different point: the grand jury must have had a specific mailing in mind when it returned a true bill on count 4 and defendant is entitled to know which mailing the grand jury considered. If this is not explicit in the discovery already provided to defendant, then the government must make it so in a bill of particulars.

It is a separate question whether this particular mailing occurred on or after April 20, 2002, and it is the government's burden to prove this. See United States v. Folks, 236 F.3d

2

384, 391 (7th Cir. 2001); United States v. Lumpkins, 845 F.2d 1444, 1449-50 (7th 1988). At the close of the government's case-in-chief, if the evidence is clear that the mailing occurred prior to April 20, 2002, then the court will dismiss count 4 on defendant's motion. If the mailing date is unclear, then it becomes a fact question for the jury to decide. The parties may submit proposed jury instructions on this point if they wish. In any event, defendant is not entitled to dismissal of count 4 before trial.

## II. First Motion for a Bill of Particulars

In his first motion for a bill of particulars defendant seeks the names of the person with whom he allegedly conspired in count 2. See dkt. #18. This court routinely grants such requests. See United States v. McAnderson, 914 F. 2nd 934, 946-47 (7th Cir. 1990). If the government has not yet provided defendant with a list of the names of alleged coconspirators, then it must do so promptly.

## III. Motion to Dismiss the Indictment

Defendant has filed a multipart motion to dismiss the indictment or certain counts within the indictment. I address each of defendant's claims in the order in which he raised them:

3

A. Vagueness

Defendant contends that the indictment is unconstitutionally vague and uncertain. Defendant acknowledges that an indictment is constitutionally sufficient if it (1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of the charge so that he can defend against it; and (3) enables the defendant to plead the judgment as a bar to subsequent prosecution for the same offense. Russell v. United States, 369 U.S. 749, 763-64 (1962). The government agrees that this is the correct test, adding that courts are not to review the challenged indictment in a hypertechnical manner but as a whole, from a practical point of view. United States v. Fassnacht, 332 F.3d 440, 444-45 (7th Cir. 2003). Even so, rejoins defendant, an indictment that does not apprise a defendant with reasonable certainty of the nature of the charge against him is defective even though it tracks the language of the pertinent statute. United States v. Garcia-Geronimo, 663 F.2d 738, 741 (7th Cir. 1981). In Garcia-Geronimo, the defendant's claim was that even though the indictment against him tracked the language of the charged statute, it nonetheless was defective because it failed to assert an essential element of the offense. The court found otherwise, observing that courts will not insist that any particular word or phrase be used in the indictment to state the essential elements of the charged offense. Id. at 742.

4

In the instant case, defendant's concern is not that essential elements are missing, it is that the narrative provided in the "speaking" portion of the indictment – or more precisely, the speaking portion of counts 1 through 7 – is not as informative as defendant would like. For example, defendant points out that the indictment does not identify by name the persons described as the "third partner," "Investor B.C.," or "Investor M.C." But as the government correctly observes, the five pages of narrative included in count 1 and incorporated into counts 3-7 lay out the elements of each fraud-related offense, the applicable statute, the time frame of the alleged fraud scheme, the nature of the alleged fraud, numerous specific acts in furtherance of the alleged fraud and references to specific mailings and telephone conversations in furtherance of the alleged fraud. This is significantly more information than is needed to survive a vagueness challenge. Defendant's sole path to relief, if he were entitled to any, would be limited to a bill of particulars. His motion to dismiss counts 1 through 7 on the ground of vagueness will be denied.

B. Duplicity and Multiplicity of Counts 1 and 2

Defendant moves to dismiss count 1 on the ground that it is duplicitous and multiplicitous. Multiplicity is the charging of the same offense in more than one count, while duplicity is the charging of more than one offense in the same count; both are forbidden. United States v. Allendar, 62 F.3d 909, 912 (7th Cir. 1995); United States v.

5

Smith, 26 F.3d 739, 753 (7th Cir. 1993).  Although defendant provides a fair exegesis of the law on these concepts, his application of these concepts to the indictment returned against him is minimal.  Defendant states only that "apparently the number of . . . § 1341 violations attributable to this Defendant is beyond counting," and "if what was meant in Count 1 was a charge of conspiracy, then Count 2 charges exactly the same conspiracy."  See Motion To Dismiss Indictment, Dkt. #26, at 4.

Count 1 is not duplicitous.  Despite its narrative length, it actually charges only one mailing in furtherance of the alleged scheme, namely an April 27, 2002 letter to investor B.C.  Therefore, the fact that the alleged scheme encompasses uncounted additional mailings and telephone calls is irrelevant to the duplicity analysis.

Count 1 and count 2 are not multiplicitous because each requires proof of an element that the other does not.  United States v. Starks, 472 F.3d 466, 468-69 (7th Cir. 2006).  Count 1 charges substantive mail fraud in violation of §1341; this requires the government to prove that the specified mailing actually occurred but it does not require the government to prove that defendant and other people conspired to engage in a fraud scheme.  Count 2 charges conspiracy to commit mail and wire fraud in violation of § 1349; this requires the government to prove that defendant and at least one other person intentionally entered into an unlawful agreement to commit fraud, but it does not require the government to prove

6

a mailing or telephone call in furtherance of the conspiracy (although it does require the government to prove an overt act of some sort).

Because count 1 is not duplicitous and counts 1 and 2 are not multiplicitous, this portion of defendant's motion to dismiss shall be denied.

### C.  The Statute Charged in Count 2

Defendant seeks to dismiss count 2 on the additional ground that it fails to state a criminal offense because the statute, 18 U.S.C. § 1349, "is a sentencing provision enhancement, not a prohibition of criminal activity." See Dkt. No. 26 at 6.  Section 1349 reads:

> Attempt and conspiracy.  Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Defendant interprets this as nothing more than an announcement by Congress that if a defendant is charged and convicted under 18 U.S.C. § 371 with conspiring to commit mail fraud, then he is subject to the same five-year imprisonment penalty applicable to a substantive mail fraud conviction.  This is incorrect.  Section 371 imposes its own five-year imprisonment penalty, which would render § 1349 redundant if defendant's interpretation were correct.  Section 1349 is a stand-alone statute that criminalizes attempts and

7

conspiracies to violate certain fraud statutes. As the government points out, § 371 is the most well-known federal conspiracy statute but other sections of Title 18 have their own conspiracy prohibitions. <u>See</u>, <u>e.g.</u>, 18 U.S.C. §§ 32(b)(4); 351(d); 831(a)(8); 1029(b)(2); 1513(e); 1832(a)(5); 1951; 1962(d); and 2251(e). Perhaps any offense chargeable under these statutes also could be charged under § 371, but this does not mean that the government is required to charge under that statute. The government had a choice in this case and it chose the conspiracy statute most closely tailored to the nature of the crimes charged. Defendant is not entitled to dismissal of count 2.

### D. <u>Selective Prosecution</u>

Defendant contends that he is entitled to dismissal of the indictment against him on the ground of selective prosecution. Specifically, defendant asks why the prosecutors indicted him and co-defendant Garry Milosevich but did not indict the people identified in the indictment as the "third individual" and "others directed by" the defendants. After providing a gloss of the law on selective prosecution, defendant concedes that he does not have any basis to claim that the decision to prosecute him was invidious. Defendant argues that he needs discovery to do this, but he does not explain what information in the government's possession would advance his claim. Defendant implies that the grand jury is in the thrall of the prosecutors and therefore cannot be trusted to protect him from

8

governmental overreaching.  I infer that defendant wishes to obtain grand jury materials in order to support this implication.

Defendant, however, is not entitled to such discovery based solely on his suspicions. In the absence of clear evidence to the contrary, courts must presume that federal prosecutors have properly discharged their official duties.  United States v. Armstrong, 517 U.S. 456, 464-65 (1996).  One of the few limits on a prosecutor's discretion is the equal protection clause of the Fifth Amendment, which forbids prosecution based on an unjustifiable standard such as race, religion or other arbitrary classification.  Id.  It is a defendant's burden to show that such discrimination has occurred; before he may obtain discovery from the government on his claim, the defendant must present some evidence tending to show the existence of the charging decision's discriminatory effect and the prosecutor's discriminatory intent.  Id. at 468.  Here, defendant has not made any showing whatsoever that the prosecutors intentionally chose him for prosecution based on some protected act or trait.  As a result,  he is not entitled to any discovery from the government and his selective prosecution claim fails at the outset.  Defendant is not entitled to dismissal or discovery on this issue.

E. Second Motion for a Bill of Particulars

Defendant has included in his motion to dismiss a request for a bill of particulars. This request mirrors the questions defendant asked in his vagueness challenge to the indictment, then seeks information about the post offices from which mailings alleged occurred and the substance of telephone conversations between defendant Gary Milosevich and "investor S.E." charged in counts 6 and 7. Dkt. # 27 at 14-15.

Bills of particulars are not intended to provide detailed disclosures of the government's witnesses, legal theories or evidentiary detail of the sort requested by defendant in this case. Wong Tai v. United States, 273 U.S. 77, 82 (1927). The Court of Appeals for the Seventh Circuit disfavors bills of particulars, deeming them unnecessary whenever the indictment sets forth the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statutes violated. United States v. Fassnacht, 332 F.3d 440, 446-47 (7th Cir. 2003). Because every valid indictment contains this information, it is difficult to envisage a circumstance in which a defendant in this circuit would be entitled to a bill.

Additionally, it is appropriate for the court to look at post-indictment discovery to determine whether to order a bill of particulars. United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991)(a bill of particulars is not necessary where the information is available in some other satisfactory form). When the grand jury returns a "speaking" indictment, there

10

is less need for a bill of particulars, United States v. Andrus, 775 F.2d at 843; United States v. Glecier, 923 F.2d at 502. Here, notwithstanding defendant's contrary assertions, the government's indictment provides a fairly detailed roadmap of its theory of prosecution. The government has provided numerous CDs containing the equivalent of thousands of pages of discovery. Defendant has had access to this material since last spring, and his current attorney has had access to it since late October 2007. In January 2008, when counsel asked for more time to prepare because of additional government disclosures, the court moved the trial date back an additional 3 weeks. From the court's perspective, defendant has available to him all of the information necessary to answer his questions and has had enough time to find it in the voluminous discovery provided by the government. Undoubtedly defendant and his attorney would find a bill of particulars helpful, but this is not a ground for ordering one. Therefore, I am denying defendant's motion for bills of particulars as contained within his motion to dismiss.

## F. Grand Jury Practice

Defendant challenges the validity of the indictment for failure to comply with the requirements of Fed. R. Crim. P. 6(b), which permits him to challenge the selection of the grand jury and the qualifications of grand jurors. Defendant notes that the government does

not record the names of the grand jurors who vote in favor of an indictment, which prevents defendant from challenging their qualifications.

This is correct as far as it goes, but it is a non sequitur because the defendant bears the burden of proof when challenging the composition of a grand jury. As the government notes, the statute governing challenges to grand jury selection procedures requires that a defendant accompany his challenge with a sworn statement of facts which, if true, would constitute a substantial failure to comply with the other provisions of the statue. Only then is a defendant entitled to discovery. 28 U.S.C. § 1867(e). Defendant replies that the government is deliberately confusing grand jury selection procedures with grand juror qualifications, but the latter is subsumed within the former: grand juries must be selected from persons who are qualified to serve as jurors. 28 U.S.C. § 1866(a).

This ends the inquiry, but I note that this court has a written plan governing the selection of grand and petit jurors for service, and the plan explicitly incorporates 28 U.S.C. § 1865, which requires the court to determine whether potential jurors are unqualified for, exempt, or eligible to be excused from jury service. Absent specific, sworn information from defendant to the contrary, this court remains confident that its plan ensured that only qualified jurors were selected for service. Defendant is not entitled to dismissal or further discovery on this claim.

ORDER

It is ORDERED that:

(1) Defendant's first motion for a bill of particulars is GRANTED;

(2) Defendant's second motion for a bill of particulars is GRANTED IN PART and DENIED IN PART: the government must identify the mailing that underlies count 4.

(3) Defendant's motions to dismiss the indictment and specified counts within it are DENIED.

Entered this 27th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge