IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                        Plaintiff,                      ORDER

v.

                                                    07-cr-66-bbc

DANIEL TEPOEL,

                       Defendant.
_____

On March 14, 2008, this court attempted to hold the final pretrial conference. Defendant Daniel Tepoel was present without an attorney. The government was represented by Assistant United States Attorneys Meredith Duchemin and John Vaudreuil.

We started the hearing by revisiting Tepoel's attorney situation. Tepoel renewed his request for appointment of a fourth CJA attorney in this case and made clear that he is not proceeding to trial *pro se* by active choice. The court stood by its previous finding that Tepoel has constructively waived his right to counsel by his persistent and contumacious refusal to cooperate with any of his first three attorneys. Tepoel actively drove three attorneys from his case. Notwithstanding the court's finding of a *constructive* waiver, Tepoel demanded a *Faretta* hearing;[1] I indulged him, although this colloquy was a non sequitur under the circumstances. Tepoel was keen on putting into the record that he has no knowledge or experience in criminal law or trials, although he knew enough to invoke *Faretta* in an attempt to convince the court to appoint another attorney to represent him. Tepoel admitted during the court's questioning that he was responsible for the motions to suppress and to dismiss filed by his second attorney,

_____

[1] *Faretta v. California*, 422 U.S. 806 (1975).

Robert Ruth. Tepoel, however, claimed that a non-lawyer friend of his wife's, whose name he cannot now recall but who lives somewhere in Arizona, drafted these motions for Tepoel to give to Ruth. In response to the court's questions, Tepoel stated that that he never told Ruth that Tepoel had a non-lawyer friend drafting these documents; according to Tepoel, it didn't occur to him that Ruth might want to know this.

At the March 14, 2008 hearing Tepoel specifically asked for appointment of Attorney Sarah Schmeiser, a request he previously had made at the march 12, 2008 *ex parte* hearing removing his third attorney, Morris Berman. Standing by my previous finding of constructive waiver of counsel and refusing to postpone the trial yet again, I declined to appoint Schmeiser as Tepoel's fourth attorney. I agreed to ask the federal defender to inquire of Schmeiser whether she would be willing to act as standby counsel for Tepoel.

Indeed, I had made this offer at the March 12 *ex parte* hearing with Tepoel and Attorney Berman. Tepoel responded that he wanted to think about it. I told him to alert the court promptly–as in, later that same day–if he wanted to pursue the possibility of standby counsel. He did not do so, instead waiting until the March 14 final pretrial conference to make this request. Tepoel stated that if Attorney Schmeiser was unwilling or unable to act as his standby, he would accept a different CJA attorney in that capacity.

Immediately following the 10:20 a.m. conclusion of the March 14 hearing I contacted the federal defender and directed that he call Attorney Schmeiser to inquire whether she is willing to serve as Tepoel's standby attorney at the week-long trial starting March 24, 2008. At 4:05 p.m. on March 14, 2008, the federal defender advised that Attorney Schmeiser has agreed

to serve as Tepoel's standby attorney in this case. This court hereby authorizes the federal defender to appoint Schmeiser in that capacity.

The final pretrial conference is re-set for Tuesday, March 18, 2008 at 8:45 a.m.

Entered this 14th day of March, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge