IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

DANIEL TEPOEL,

                Defendant.

ORDER

07-cr-66-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A final hearing was held in this case on March 20, 2007, before United States District Judge Barbara B. Crabb.  The government appeared by John Vaudreuil and Meredith Duchemin, Assistant United States Attorneys.  Defendant appeared pro se and by standby counsel, Sarah Schmeiser.

Counsel predicted that the case would take 5 days to try.  They understand that trial days will begin at 9:00 and will run until 5:30, with at least an hour for lunch, a short break in the morning and another in the afternoon.

Counsel agreed that with the exception of experts, all witnesses would be sequestered. Counsel are either familiar with the court's visual presentation system or will make arrangements with the clerk for some instruction on the system.

1

No later than noon on the Friday before trial, plaintiff's counsel will advise defendant of the witnesses it will be calling on Monday and the order in which they will be called. Counsel should give similar advice at the end of each trial day; defendant shall have the same responsibility in advance of his own case.

Counsel and Mr. Tepoel are to provide the court with copies of their documentary evidence before the start of the first day of trial.

The government made a <u>Santiago</u> proffer that was sufficient to allow it to introduce co-conspirator statements at trial.

The following rulings were made on the government's motions in limine.

1.Dkt. # 100 -  Motion to introduce testimony by Marion Barnes of statements made to her by her now-deceased brother, Fred Wuethrich as present-sense impressions of Ms. Barnes. The motion is GRANTED.

2. Dkt. #101 - Motion to preclude defendant from trying to introduce foreign documents that do not meet the criteria for foreign document certification under § 3505 or any document that is not properly authenticated or is irrelevant.  GRANTED.

3. Dkt. #101 - Motion to preclude defendant from arguing that he is less culpable than others involved in his scheme.  GRANTED.

4. Dkt. #102 - Motion to preclude defendant from referring to the fact that he is not represented by counsel.  GRANTED.  Defendant is warned that if he says anything tending

2

to suggest that he has been denied the assistance of counsel, the court will take steps to correct that impression with the jury, including, if necessary, advising the jury that he has had the assistance of three different lawyers, all at government expense.

5. Dkt. #103 - Motion to preclude defendant from offering improper evidence of his good character.  GRANTED.

6. Dkt. #105 - Motion to  preclude defendant from arguing or introducing evidence that he acted in good faith because he believed he would be able to pay back his investors. GRANTED.

7. Dkt. #106 - Motion to preclude defendant from arguing or presenting evidence of selective prosecution or government misconduct.  GRANTED.

8. Dkt. #107 - Motion to preclude defendant from mentioning the penalties to which he would be subject if he is found guilty.  GRANTED.

9. Dkt. #108 - Motion to preclude defendant from offering evidence about a lawsuit in Grenada against Joseph Severin and one of his businesses.  GRANTED.

Defendant's motion to dismiss the indictment against him on the ground of constructive denial of the assistance of counsel, dkt. #120,  is DENIED.

Entered this 21st day of March, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4