IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                              ORDER

                Plaintiff,

                                                                07-cr-66-bbc

    v.

DANIEL TEPOEL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Daniel TePoel has moved for reconsideration of the order entered on February 27, 2008, denying certain pretrial motions he had filed. He challenges only the disposition of his motion to challenge the legality of the grand jury. Defendant contends that he had a right to be present before the grand jury to challenge the array and the individual members of the jury. As explained to him in the February 27 order, he can challenge the grand jury selection and the qualifications of the jurors only by submitting proof of the lack of qualifications or of some misstep in the process by which the jurors were selected and the jury convened. He failed to submit any such proof.

      Defendant cites two old cases from the Eighth Circuit: Hopkins v. United States, 344 F.2d 229 (8th Cir. 1965), and Wright v. United States, 165 F.2d 405 (8th Cir. 1948), that

1

he believes support his position. In <u>Hopkins</u>, the district court followed an arcane procedure of allowing detained persons to come into open court before the judge, the United States Attorney and the grand jurors to challenge the grand jury. The issue raised in the case was whether the defendants had been denied of their right to counsel when they were brought before the grand jury for this purpose. The court held that there was no denial of that right, explaining that because the defendants were not questioned by the grand jurors but merely present to lodge any challenge they might have had, their lack of counsel was not prejudicial.

Defendant tries to draw from <u>Hopkins</u> a right to be present in open court to challenge the grand jury before it is sworn, but the case does not support his effort. The procedure followed in <u>Hopkins</u> is not followed today and was probably unusual in 1965. The advisory committee notes appended to the version of Fed. R. Crim. P. 6 in effect at the time suggest that it was a rare occurrence as of 1944. The committee noted that the practice is permitted, although rarely invoked, and that it was not contemplated that defendants held for action of the grand jury should receive notice of the time and place of the impaneling of a grand jury or brought to court to attend the selection. In 2002, the advisory committee deleted from Rule 6(b)(1) the sentence suggesting that challenges to the composition of the grand jury had to be made before the jurors were sworn, noting that it did not comport with modern practice.

Similarly, <u>Wright</u>, 165 F.2d 405, is of no help to defendant. It holds only that a

2

defendant who fails to challenge the grand jury at any time before or during his trial has waived his right to bring such a challenge.

Defendant has failed to show that the February 27 order was erroneous. Therefore, his motion for reconsideration will be denied.

ORDER

IT IS ORDERED that defendant Daniel TePoel's motion for reconsideration of the order entered on February 27, 2008, is DENIED.

Entered this 10th day of April, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3