IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

                    Plaintiff,                    ORDER

v.

                                          07-cr-66-bbc

DANIEL TEPOEL,

                    Defendant.

_____

On April 10, 2008, this court granted defendant Daniel TePoel's request that the court appoint Attorney Sarah Schmeiser as TePoel's full representative in this court.[1] I noted that

> Because Attorney Schmeiser made it through TePoel's trial as his standby attorney without any motion from TePoel to replace her, I see this request as a low-risk proposition at this juncture in the case. Accordingly, Attorney Schmeiser is authorized by this court to assume full representation of TePoel.

Order, dkt. 138, at 1.

Here we are, three weeks later, and the bloom is off the rose: TePoel wants Attorney Schmeiser off of his case. On April 30, 2008, TePoel filed his notice and demand to proceed pro se at sentencing. *See* dkt. 140. TePoel has decided that Judge Crabb is biased against him, she's going to "drop the courthouse on him" at sentencing, Attorney Schmeiser is unwilling to file TePoel's requested motion to recuse Judge Crabb, so that "having an attorney representing him, even at sentencing, is a complete waste." *Id.* at 2.

---

[1] TePoel now implies that he never asked for full representation as opposed to standby representation, *see* dkt. 140 at 2, but TePoel, didn't attempt to clarify his wishes after receiving the court's order. This is consistent with TePoel's tactic of withholding relevant information until he sees fit to disclose it. *See, e.g.,* Transcript of the March 14, 2008 Final Pretrial Conference, dkt.111, at 6-9, where TePoel revealed for the first time that he secretly had a non-lawyer in Arizona prepare legal work for him that he then presented to his appointed attorneys as his own work. In light of TePoel's instant motion, the scope of this court's April 10, 2008 order becomes academic.

If we count Attorney Ruth twice (he filed two motions to withdraw), this is the fifth time we've been down this road with TePoel. What's different now is that for the first time, TePoel is insisting that this court cannot make him use an attorney against his will. Until now, TePoel insisted that he had a right to an endless supply of appointed attorneys and that this court was required to appoint new CJA attorneys for him until he finally found one with whom he could work. Having found fault with Attorneys Lieberman, Ruth, Berman and Schmeiser, apparently TePoel has given up and does not want this court to appoint a fifth attorney who probably won't be any more likely to follow his directions than the first four.

TePoel need not worry. This court will not plague him with another CJA-qualified, veteran federal criminal defense specialist whose views of how to respond to a prosecution of this nature diverge so widely from TePoel's. TePoel is right, although for the wrong reason: this would be a complete waste. This court previously ruled, over TePoel's objection, that he had constructively waived his right to appointed counsel in this case. At TePoel's insistence, I even engaged him in a stilted (and unnecessary) *Faretta* colloquy. So if TePoel now is telling the court that he does not want Schmeiser's assistance and is asking leave to handle his sentencing hearing himself, the court will grant this request. The existing record should be sufficient to proceed in this fashion without a new *Faretta* colloquy but if the government or Judge Crabb would prefer to put one in the record, this can be accomplished at the sentencing hearing.

Although I do not expect TePoel to change his mind, he should be aware that if he does, or if he wants appointment of standby counsel, he must alert the court quickly. It would not be acceptable for him to wait until the sentencing hearing to announce that he wants yet another change in the status quo regarding his representation.

2

ORDER

It is ORDERED that defendant Daniel TePoel's Notice and Demand To Proceed Pro Se, dkt. 140, is GRANTED.

Entered this 2nd day of May, 2008.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge