IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                      ORDER

              Plaintiff,

                                              07-cr-66-bbc

    v.

DANIEL TEPOEL,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Daniel TePoel has moved for my recusal pursuant to either 28 U.S.C. § 144 or 28 U.S.C. § 455. The motion will be denied.

Section 144 requires recusal of a judge "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Section 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Subsection (b) requires disqualification when the judge has "a personal bias or prejudice concerning a party." The two statutes overlap; a judge subject to recusal under one is likely subject to recusal under the other. The main difference seems to be that § 144 anticipates that a party will be

1

moving for relief, whereas § 455 talks in terms of the judge's disqualifying himself, presumably after becoming aware of a basis on which his impartiality might be questioned.

The question in applying either statute is determining whether the facts (as shown by the movant under § 144 or as learned by the judge under § 455) are sufficient to cause an impartial observer reasonably to question the judge's decision to hear the case. (I will assume for purposes of this opinion that defendant's affidavit is timely under § 144, despite the fact that it was filed more than five weeks after trial ended.)

To be sufficient, an affidavit must contain more than an allegation of bias based on adverse rulings at trial, even if the adverse rulings were numerous, frequent and, from the defendant's point of view, erroneous and unjustified. Both statutes are designed for situations in which a party can show that a judge has a personal bias against him, rather than a disagreement about the law or the relevance of evidence. Liteky v. United States, 510 U.S. 540, 555, (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966), In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.")

2

Defendant has alleged nothing other than adverse rulings, admonitions to counsel and witnesses and routine efforts at judicial administration in support of his allegation of bias. Liteky, 510 U.S. at 556. As in Liteky, these are matters for appeal but not for recusal. Defendant has not shown that my attitude or state of mind was so resistant to fair and dispassionate inquiry as to cause the public or a reviewing court to have reasonable grounds to question the neutral and objective character of my rulings.

It is not surprising that defendant views me as biased against him. He has had the same reaction to all four of the lawyers that the court has appointed to represent him at government expense, despite the fact that these were four of the most capable lawyers in the district. (Three were appointed, seriatim, to represent him at trial. After he declined to work with any of them, the court required him to proceed to trial pro se. The fourth agreed to accept appointment as standby counsel at trial; defendant was pleased enough with her assistance that he petitioned to have her appointed as his counsel for sentencing. Predictably, as soon as she declined to take all of the actions he wanted her to take, defendant asked to have her relieved of her obligation to represent him.)

Defendant believes that it was only bias and prejudice that led the court to deny him an opportunity to explain his investment in a resort development known as Cinnamon Hill. In fact, judges have a duty to restrict the evidence at trial to only what is relevant to the issues to be decided. Defendant still does not understand that whatever troubles beset him

3

at Cinnamon Hill, those matters have nothing to do with the charges against him.  He was not indicted for soliciting investments in a resort development; he was indicted for obtaining money from investors on the representation that their money would be invested in certain international trading programs between the top banks in the world.  The evidence showed that he told investors that under this program, bank instruments would be purchased at a discount and sold at a higher price, generating millions of dollars in profits, all at no risk to any investors and with guaranteed high rates of return.  To defend against these charges, defendant had to prove that the programs he described to the investors actually existed and that the money turned over to him from the investors was invested in the programs and not in any resort developments.  (This would not necessarily be enough to absolve himself of criminal responsibility, since he would still have to explain why he continued to market the programs as risk free and having guaranteed rates of return, when it had become clear that they did not.)

Defendant believes that it was evidence of bias to interrupt his opening statement.  It was necessary to do so to prevent him from telling the jurors about irrelevant matters that did not bear on his guilt or innocence, but might have confused the jury.

It is not necessary to discuss any other rulings; defendant will have a complete chance to air his objections before the court of appeals when he appeals from his conviction.  The point is that the rulings do not reveal prejudice or bias; they are merely efforts at insuring

4

that the jury hears only evidence that is material to the question of defendant's guile or innocence. <u>Liteky</u>, 510 U.S. at 556. Defendant's allegations and the supporting affidavits of his family members complaining of those rulings are not sufficient to require recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455(a).

## ORDER

IT IS ORDERED that defendant Daniel TePoel's motion for my recusal under 28 U.S.C. §§ 144 and 455 is DENIED.

Entered this 2d day of June, 2008.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge